UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TARA STRADLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6:25-CV-102-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION** |
| USAA GENERAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on a Recommended Disposition by United States Magistrate Judge Hanly A. Ingram, [R. 35]; *see* [R. 34 (Order Referring Motion)], addressing Defendant USAA General Indemnity Company's ("USAA's") Motion for Summary Judgment, [R. 29], along with Plaintiffs Tara Stradley and Edna Overbey's Response, [R. 31], and Defendant's Reply, [R. 33].

In the Recommended Disposition, Magistrate Judge Ingram first described the undisputed facts giving rise to Plaintiffs' claims that USAA tortiously denied them benefits payments under a home insurance policy. [R. 35, pp. 1–2]. In June 2024, Overbey, who had become a member of USAA by confirming her status as an honorably discharged military veteran, added Stradley to her membership on the basis that Stradley was Overbey's spouse. *Id.* at 1. Stradley then purchased a home insurance policy from USAA for her home in Corbin. *Id.* at 2. In November 2024, there was a fire at Stradley's home, and she sought benefits from USAA. *Id.* USAA's ensuing investigation revealed that although Overbey and Stradley had conducted a marriage ceremony and obtained a marriage certificate, Overbey had never filed the marriage

certificate because she remained legally married to a man named William. *Id.* USAA thus refused to pay Stradley benefits under her home insurance policy, asserting that the policy was voidable due to a material misrepresentation concerning Overbey and Stradley's marital status. *Id.* In an uncontradicted affidavit, USAA stated that it would not have issued the policy but for that misrepresentation. *Id.* at 2, 5.

After detailing the legal standards for summary judgment and the relevant Kentucky state laws, *id.* at 3–5, Magistrate Judge Ingram explained, based on the undisputed facts, that Overbey and Stradley were not legally married and that their statements to the contrary constituted material misrepresentations, such that Stradley's home insurance policy was voidable, *id.* at 5, 10. Magistrate Judge Ingram then thoroughly described why the arguments in Plaintiffs' Response fail to identify any genuine issues of material fact and why USAA is entitled to judgment as a matter of law on Plaintiff's claims. *Id.* at 5–11. Magistrate Judge Ingram thus recommended that USAA's Motion for Summary Judgment be granted. *Id.* at 11.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections were to be filed with fourteen days and that a failure to object could result in waiver of further review or appeal. *Id.* The time to file objections has now passed, and neither party has filed any objections to the Recommended Disposition or sought an extension of time to do so.

The Court is not required to "review . . . a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also* 28 U.S.C. § 636(b)(1)(C) (limiting de novo review duty to "those portions" of a recommendation "to which objection is made"). Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is **HEREBY ORDERED** as follows:

1. Magistrate Judge Ingram's Recommended Disposition, **[R. 35]**, is **ADOPTED** as the opinion of this Court.
2. Defendant USAA General Indemnity Company's Motion for Summary Judgment, **[R. 29]**, is **GRANTED**.
3. A separate judgment shall be entered contemporaneously with this Order.

This the 2nd day of October, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY